## RUGGLES *against* HALL.

Where a material witness had been regularly subpœnaed by the defendant, and attended at the circuit, and shortly before the cause was called on absented himself, without the knowledge or consent of the party, or his attorney, and his absence was not discovered until after the jury was sworn, by which means a verdict passed against the defendant, the court granted a new trial, it appearing that, as well the witness as the persons answerable over to the defendant were insolvent.

THIS was an application, on the part of the defendant, to set aside a verdict taken for the plaintiff, at the *Ontario* circuit, in *July*, 1816, and for a new trial, on affidavits submitted to the court, without argument, from which it appeared, that the action was brought upon a promissory note, held by the plaintiff, executed by the defendant, payable to *Thaddeus Oakes*, or bearer, which was delivered to *Samuel Hildreth*, for the purpose of being negotiated in *New-York*, to enable one *Samuel Allen* to purchase merchandise : goods were, accordingly, purchased of *Smith & Waters*, merchants, in *New-York*, and the note delivered to them ; after it fell due *Allen* paid *Smith & Waters* between four and five hundred dollars, on account of the note, which left a balance due of less than one hundred dollars. *Hildreth*, by whom the defendant expected to prove the payment, and whose affidavit was taken, in which he stated an admission made to him by one of the partners of the firm of *Smith & Waters* of the payment, was subpœnaed as a witness to attend on the first *Monday* of *July*, at the court-house in *Canandaigua*, and attended at the court-house from day to day, until about one o'clock in the afternoon of the fourth day of *July*, when he left *Canandaigua*, and went home, without the knowledge or consent of

either of the parties, their attorneys or counsel : it is unneces-
sary to state the excuses which he alleged, in his affidavit, for
his departure. The cause was called on about three hours after,
and the jury were sworn before the defendant's attorney dis-
covered that *Hildreth* was not attending, and a verdict was
taken for the plaintiff, for about six hundred dollars. *Allen,*
for whose use the note was made, *Smith & Waters,* and
*Hildreth,* the witness, were insolvent, and unable to answer to
the defendant for the damages which he had sustained. In the
counter affidavits of the plaintiff, declarations of *Hildreth,*
inconsistent with the allegations of his affidavit, were stated, but
it is unnecessary to particularize them.

The case was submitted to the court without argument.

*Per Curiam.* This is a motion to set aside a verdict ob-
tained at the last *Ontario* circuit, on the ground that *Samuel
Hildreth,* a witness subpœnaed, and who had been attending
on the part of the defendant, unexpectedly absented himself
about the time the cause was called on to trial, his absence not
being known until after the jury was called. The affidavit of
the witness accompanies this application, and shows very clear-
ly the materiality of his testimony. There are some affida-
vits which state declarations of his, somewhat at variance with
this affidavit. It is to be observed, however, that these were
declarations not made under oath; besides, the witness has
had no opportunity of explaining them, which, perhaps, he may
be able to do upon the trial. At all events, it will be a ques-
tion of credibility for the jury. The witness is insolvent, and
unable to respond in damages, and, unless the defendant can be
let in to a new trial, he is without redress. The persons to whom
the payment was made, upon the note in question, are also insol-
vent, and no remedy is to be had against them to recover back
the money. The defendant cannot be charged with such negli-
gence as to preclude himself on that ground. Knowing that the
witness had been attending for several days, the defendant had
good reason to believe he was still there, and his suddenly
absenting himself was matter of surprise. A new trial must
be granted on payment of costs.

New trial granted.(a)

(a) Vide, *Alexander* v. *Byron,* (2 *Johns. Cas.* 318 )